

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Autin, Texas

Dear Sir:

Opinion No. O-1900
Re: Whether deed of trust
executed by Fort Worth
Cavalry Club must be
stamped to be entitled
to record.

In your letter of February 6, 1940, you request
our opinion as to whether or not a deed of trust executed
by the Fort Worth Cavalry Club securing the payment of an
indebtedness to Ethel Evans Bennett and Lena Evans Callier
as evidenced by a note in the principal sum of $25,850.00,
due two years after date, must be stamped under the provi-
sions of Article 7047e, Vernon's Civil Statutes, in order
to be recorded in the office of the county clerk. You
also advise us that the purpose for which the Fort Worth
Cavalry Club, a corporation, was formed is to maintain and
support a cavalry club for general military education,
not for profit and without capital stock, said Article
7047e reads in part as follows:

> "(a) Except as herein otherwise provided
> there is hereby levied and assessed a tax of
> Ten (10¢) Cents on each One Hundred ($100.00)
> Dollars or fraction thereof, over the first
> Two Hundred ($200.00) Dollars, on all notes
> and obligations secured by chattel mortgage,
> deed of trust, mechanic's lien contract, ven-
> dor's lien, conditional sales contract and all
> instruments of a similar nature which are filed
> or recorded in the office of the County Clerk
> under the Registration Laws of this State;
> provided that no tax shall be levied on instru-
> ments securing an amount of Two Hundred ($200.00)
> Dollars, or less. After the effective date of
> this Act, except as hereinafter provided, no
> such instrument shall be filed or recorded by

any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extension of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, notes, or other obligations taken by or on behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the Legislature of the State of Texas, nor shall the provisions of this section apply to obligations or instruments secured by liens on crops and farm or agricultural products, or to livestock or farm implements, or an abstract of judgment.

You have attached to your request for our opinion a letter addressed to the county clerk of Tarrant County from the president of the Fort Worth Cavalry Club urging that the deed of trust need not be stamped on the theory that the maker of the deed of trust is a state military organization and is therefore exempt from taxation. In our view of this matter it is unnecessary to consider the question as to whether the Fort Worth Cavalry Club and its properties are exempt from taxation. The tax levied by Article 7047e is neither against the maker of the deed of trust nor upon the property covered thereby. The recording of the deed of trust is for the benefit of the holder of the note and it is contemplated by the statute that such beneficiary of the deed of trust should pay the tax. Manifestly such obligation cannot be affected by the business arrangements between such beneficiary and the maker, who might not be required to stamp a deed of trust held by him, for such maker to present the instrument for recording. Our answer to your question is that the deed of trust should be stamped before it is accepted by the county clerk for recording.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    (signed)
Glenn R. Lewis
Assistant

GRL:jm


APPROVED: FEB. 16, 1940
Gerald C. Mann
Attorney General of Texas


APPROVED:
Opinion Committee
By B. W. B.
Chairman